# Cheney, Trustee, v. Davidson.

## *Bill to Enforce Equitable Set-off.*

1. *Set-off against trustee in general assignment.*—A bill averring that the trustee in a general assignment has in his hands property of complainant more than sufficient to satisfy his indebtedness to the trust estate, and that said trust estate is in equity primarily bound for an indebtedness for which complainant is bound as surety, and seeking to have the proceeds of such property applied to the latter indebtedness and set-off against the debt of complainant to the trust estate, the equity of the bill being conceded, and the averments thereof established by proof, the trustee in assignment cannot complain of a decree directing the surplus proceeds of such property to be applied according to the prayer of the bill.

APPEAL from Montgomery City Court.

Tried before Hon. Jno. G. Winter.

The decree of the chancellor appealed from ascertained the amount of the indebtedness of complainant, W. B. Davidson to Moses Bros. to be $14,164.52, and the aggregate amount of complainant's liability, by reason of his suretyship for H. C. Moses, $12,427.95; the indebtedness of N. B. Holt to Moses Bros. to be $8,985.92, and Holt's liability as a co-surety on the guardian's bond, $6,799.08. It was further ascertained that appellant, Cheney, as trustee of Moses Bros. had up to the 20th day of June, 1894, collected from the joint property of Moses Bros., W. B. Davidson, and N. B. Holt a sum in which the interest of W. B. Davidson was $1,199.35 and of N. B. Holt $847.09. It was this sum aggregating $2,046.45, which Cheney was directed to pay over to the register to be applied as hereinafter stated. It was further decreed that all the other property set out in exhibits to the bill, in which Moses Bros. and Davidson, or Moses Bros., Davidson and Holt, were tenants in common, or joint owners, be sold by the register, and that the interest of Davidson therein together with the funds above mentioned be applied to the payment *pro tanto* of his liability as surety on the bonds of H. C. Moses, as guardian, as administrator, and as receiver; and complainant, Davidson, was decreed a credit by way of set-off for the amount of such funds on the debt due from him to Moses Bros. The interest of Holt in the property sold and in the funds above mentioned was decreed to be applied to his liability as surety on the bond of H. C. Moses, as guardian, and a set-off allowed therefor on his indebtedness to Moses Bros. The record does not show the amount of the funds realized at the register's sale as aforesaid, except as shown by the averment of the value of the property in the bill and in the agreement of counsel, which is set out in the opinion.

TOMPKINS & TROY and HORACE STRINGFELLOW, for appellant.

J. M. CHILTON, GUNTER & GUNTER, and LOMAX & LIGON, *contra.*

COLEMAN, J.—W. B. Davidson filed the present

bill. The facts upon which he relies for relief may be briefly stated as follows: He was individually indebted to Moses Bros. He was also a surety of H. C. Moses, a member of the firm of Moses Bros., as guardian, also as receiver, and as administrator. The said H. C. Moses received large sums of money in his said several capacities, which money was by him deposited with Moses Bros., and by them converted, with a knowledge that the moneys were trust funds. The bill avers that Moses Bros. became insolvent and made a general assignment for the benefit of their creditors, and that Cheney is the assignee. The bill further avers, that the assignee is proceeding by suit to collect from the complainant the debt due from him to Moses Bros. The bill further shows that a large amount of property in which he was tenant in common with Moses Bros., went into the hands of the assignee, from which considerable sums of money have been realized. It further shows that complainant is liable and will be compelled to pay large sums on account of his several suretyships for H. C. Moses. The conclusion is that on account of the conversion of the trust funds by Moses Bros., the said firm became indebted to H. C. Moses, and that complainant on account of his suretyship, is entitled to be subrogated to the rights and remedies of H. C. Moses, and thereby in equity is a creditor of Moses Bros. and entitled to set-off against his indebtedness to Moses Bros. whatever amounts he may be compelled to pay as surety of H. C. Moses. The further prayer is that Cheney, the trustee, be required to pay into court complainant's *pro rata* share of the money received by him from the sale of property of which complainant was a co-tenant, and collections therefrom, for distribution among those who are beneficiaries of the several obligations upon which complainant is bound as surtey. The bill shows that one Holt, who is made respondent, is a co-surety upon the guardian bond, that said Holt was also a co-tenant in the property in which complainant was a co-tenant, and that the interest of said Holt in said property should be applied *pro rata*, in satisfaction of the liability of H. C. Moses as guardian. The complainant further avers, "that the interest of orator in said property is largely more than sufficient to pay off and discharge his indebtedness to said trus-

tees; and that the interest of said Holt in said property will equal or exceed his indebtedness to said trustees." The record does not contain the answers of the respondents, nor does it show that respondent Holt filed a cross-bill seeking affirmative relief except so far as may be inferred from the decree rendered. In the agreement of facts is the following statement: "It is further agreed in lieu of the insertion of further papers in said transcript, that all of the defendants duly answered said bill, and that the averments of the same were duly established by proof; that on the 8th day of February, 1894, the register made his report in said cause under and in accordance with a decree of reference previously rendered therein, and on the 22d day of June, 1894, made a supplemental report thereto; that said reports found the facts to be as stated in said decree of February 25th, 1896, and that they were both duly confirmed without objection; that said decree of February 25th, 1896, was rendered upon a due and proper submission of said cause, and that all the property referred to therein, real estate and choses in action, was duly sold and transferred under said decree of February 25th, and that the same is now held by purchasers at such sale or sales; that all the proceeds of said sale or sales, and the entire fund in court, with the exception of the sum of $2,046.44, required by said decree to be paid by John C. Cheney as trustee of Moses to the register of said court for distribution as therein provided, as to which this appeal is taken, has been distributed under said decree by consent of parties."

The equity of the bill, nor any portion of it, was questioned by demurrer or exception. We will not consider this question. Conceding the equity of the bill and that every averment was "established by proof" as agreed to by counsel, we are unable to find any grounds for complaint on the part of the appellant. Holt does not appeal, nor either of the other respondents.

If the trustee has received as proceeds of the property owned by complainant more than is sufficient to satisfy their respective liabilities' to Moses Bros., and if by reason of the conversion of the trust funds by Moses Bros. they became indebted to H. C. Moses, and if by the payment by his sureties, to wit, complainant and Holt, Moss Bros. being insolvent, the sureties are entitled to

the right of set-off, and there is an excess in the hands of the trustee, as averred in the bill, and admitted to be "established by the proof," the trustee has not been injured. Upon the facts hypothesized, the decree must be affirmed.

Affirmed.